IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 11, 2005 Session

## BERNARD L. GRAFF, ET AL., v. WALNUT PLACE SUBDIVISION HOMEOWNERS' ASSOCIATION, INC.

Appeal from the Chancery Court for Jefferson County
No. 00-058    O. Duane Slone, Judge

No. E2004-01757-COA-R3-CV - FILED JUNE 14, 2005

Two members of a homeowners' association, the governing body of a planned unit development, filed this complaint alleging that the association, a corporation, was in contempt of the court for its refusal to allow the plaintiffs to inspect corporation records. The trial judge declined to find the corporation in contempt. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM H. INMAN, SR. J., delivered the opinion of the court, in which D. MICHAEL SWINEY and SHARON GAIL LEE, JJ., joined.

Carl R. Ogle, Jr., Jefferson City, Tennessee, for appellants, Bernard L. Graff and Pauline M. Graff.

Kelley Hinsley, Morristown, Tennessee, for appellee, Walnut Place Subdividion Homeowners' Association, Inc.

**OPINION**

Members of a homeowners association sought to inspect the records of the association, which they claimed had been denied, thus triggering a demand for attorney fees and a finding that the corporation was in contempt.

We encountered difficulty in expounding this case for a number of reasons probably centered on the repetitive withdrawal of counsel, the recusal of judges, and the lack of chronicity in the pleadings, *inter alia*. Superimposed upon a record replete with confusion is the fact that the appellants likely make material references to a judgment unappealed from; further superimposed is the fact that the plaintiffs appeared *pro se* a number of times and filed a host of pleadings which, as nearly as may be ascertained, were never resolved. Further superimposed is the fact that the case was referred to mediation, that it was indeed mediated and that the Mediator filed a report unapproved by the parties but who nevertheless later apparently approved it, at least in part. Counsel for the

appellants did not participate in the trial of this case, or rather, the various hearings of this case, and counsel for the appellee first appeared in the contempt proceedings, which, as we deduce and gather, is the basis of this appeal.

The appellants complain that the original complaint filed on March 30, 2000, sought the production of the records of the defendant corporation,[1] an audit of the financial affairs of the corporation, the repair of a retaining wall and attorney fees. The records were ordered to be produced in accordance with the by-laws of the corporation, and the supporting statute, Tenn. Code Ann. § 48-66-104(c). The retaining wall was ordered to be repaired. The Mediator's report respecting an internal audit of the corporation's financial affairs was apparently orally agreed to by all parties. These decretal provisions were not appealed.

On August 11, 2003, a "Complaint for Contempt With Notice" was filed, alleging that the corporation was in contempt because it had not begun the audit. Following an extended colloquy between the trial judge and the attorneys, the Court declined to find the corporation in contempt. The appellants engaged different counsel who filed a motion for a new trial complaining that they were denied a proper hearing because the Court heard no testimony. Another hearing eventuated, another colloquy ensued, and the motion for a new trial was denied.[2]

## The Issues

The appellants present three (3) issues for review, involving the disallowance of attorney fees, failure to find the defendant in contempt, and allegedly, not allowing the appellants to present evidence. We will first discuss the issue of whether the appellants were not allowed to present evidence in support of their claim that the corporation was in contempt. The plaintiffs strenuously argue that they "had the constitutional right to offer proof" on this issue. The appellee responded that the court permitted the parties, through counsel, to state their positions without objection as to what precipitated the filing of the complaint for contempt, and argues that both parties effectively waived the formal presentation of evidence.

It appears from the record that the recitation of the evidence by the then attorney for the plaintiffs was essentially agreed to by the appellee, and no request to proffer testimony was made

---

[1] Walnut Place Subdivision Homeowners Association, Inc. is a not for profit corporation created pursuant to Tenn. Code Ann. § 66-27-103 for Planned Unit Developments similar to but not the same as condominiums.

[2] Although not mentioned in the pleadings, we note that the appellants seek to have the corporation held in criminal contempt. The judgment "I can't hold the defendant in contempt" essentially absolves the defendant of criminal contempt, since an acquittal cannot be appealed.

by the plaintiffs. As argued by the appellees, no further elucidation of the facts could have been accomplished by the testimony of witnesses.[3] We find no merit in this issue.

The next issue is whether the court erred in finding that the defendant could not be held in contempt. The actual language used was "I can't hold the association in willful contempt." As heretofore stated this statement should not be read as a finding of the lack of authority, and this issue is without merit.

The third issue is whether the court should have awarded attorney fees to the appellants. Tennessee Code Annotated § 48-66-10(c) provides:

> If the court orders inspection and copying of records demanded, it shall also order the corporation to pay the member's cost (including reasonable counsel fees) incurred to obtain the order unless the corporation proves that it refused inspection in good faith because it had a reasonable basis for doubt about the right of the member to inspect the records demanded.

In disallowing attorney fees, the trial judge merely stated "I can't hold the association in willful contempt, so attorney fees and expenses are denied." We do not believe that any determinative correlation exists between the complaint seeking discovery of the records and the refusal, or acquiescence, in the demand. The controlling statute requires the allowance of attorney fees except upon a finding that the corporation had a reasonable basis to refuse inspection or copying of the records. The trial record reveals that the corporation allowed the plaintiffs to inspect the corporation records without reservation on more than one occasion. We note that a series of e-mail transmissions passed between the plaintiffs and the Registered Agent of the defendant, before suit was filed, "showing the good faith, if not extraordinary effort, to accommodate the desire of the plaintiffs." Copies of the member account records were transmitted.

The judgment is affirmed at the costs of the appellants.

_____
WILLIAM H. INMAN, SENIOR JUDGE

---

[3] Following the colloquy, the trial judge stated "I can't hold the defendant in willful contempt." The appellants argue that this statement should be construed as a finding that the court had no power to do so, while the appellee argues that the court used this language to express his finding that the defendant was not in contempt. We agree with the latter interpretation.